By the Court:

Monell, J.
It was not disputed that the conveyance from Roberts to the defendant of the Georgia lands was by way of mortgage, to secure the payment of a sum of money. "Upon the payment of such sum of money the owner of the property, in *687 cumbered by the mortgage, was entitled to have the incumbrance removed.
There was some contradiction in the evidence in reference to the sum loaned by "Wilson, and there may have been some doubt whether "Wilson had received all that was due to him.
But there was a settlement between Roberts and Wilson, when it was agreed that Roberts should return to Wilson twenty-five hundred dollars of watch company stock, which, with the payments previously made by Roberts, both parties understood, and, I think, fully agreed, should be in full satisfaction of the mortgage.
In pursuance of such settlement, Roberts gave to Wilson an order for the stock, and thereupon Roberts executed and delivered to Wilson the instrument containing an agreement by Roberts to convey the lands to Sherwood, the plaintiff; and which instrument was afterwards delivered to the plaintiff.
The court has found as a fact, that the money paid and order for stock delivered by Roberts to Wilson were received by the latter in full satisfaction of his mortgage, and I think the evidence was sufficient to sustain such finding. Indeed, both Wilson and Roberts agree, that with the twenty-five hundred dollars of stock the mortgage debt was paid, but Wilson claimed that although he took the order he did not get the stock. lie says he took the order down to the persons on whom it. was drawn, and they said it was all right and would give the stock in a few days. In the mean time Roberts had pledged it to another person.
At the time of the settlement and the receipt of the order for stock in satisfaction of the mortgage, Sherwood, the plaintiff, was the owner of the property, and his rights cannot be prejudiced by any subsequent act of Roberts; and a pledge by him of the stock he had agreed to transfer to Wilson, after the settlement, would not, as respects the plaintiff, restore the mortgage.
If the mortgage was in fact paid, and that depended upon the intention of the parties, nothing that might or could transpire afterwards, would defeat such payment.
The only benefit which can be derived, as I think, from the *688 agreement of the 21st of June, 1869, is to use it as a very strong piece of evidence against the defendant. It is not necessary to determine whether it contains any valid obligation upon which an action could be maintained, for there is enough beside it in the case to sustain the judgment.
But as an admission in writing signed by the defendant, it should, as between him and the plaintiff, be regarded as conclusive evidence of payment.
I am, therefore, of the opinion, that as the conveyance to Wilson was absolute in terms, the plaintiff had the right to demand a quitclaim from him; and as the evidence sustains the finding that the debt was paid, the judgment was. correct.■
Judgment affirmed with costs.